761 F.2d 789
 245 U.S.App.D.C. 386
 The BELL TELEPHONE COMPANY OF PENNSYLVANIA, et al., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
MCI Telecommunications Corporation, American Telephone and
Telegraph Company, Telesphere Network, Inc., U.S.
Telephone, Inc., Intervenors.
 No. 84-1259.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued April 17, 1985.
Decided May 14, 1985.
 
 Linda L. Oliver, Counsel, F.C.C., Washington, D.C., with whom Jack D. Smith, Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, John E. Ingle and Carl D. Lawson, Counsel, F.C.C., Washington, D.C., were on brief, for respondents.
 William J. Byrnes, Washington, D.C., with whom Michael H. Bader, Kenneth A. Cox, Thomas R. Gibbon and Theodore D. Kramer, Washington, D.C., were on brief, for intervenor MCI Telecommunications Corp.
 Judith A. Maynes, New York City, Robert B. Stecher and Daniel Stark, Washington, D.C., were on brief, for intervenor American Tel. and Tel. Co.
 Leo I. George, Washington, D.C., entered an appearance, for intervenors Telesphere Network, Inc. and U.S. Telephone, Inc.
 William R. Weissman, Washington, D.C., with whom Charles A. Zielinski, A. Richard Metzger, Karen S. Byrne and Robert A. Levetown, Washington, D.C., were on brief, for petitioner.
 Before MIKVA, GINSBURG and BORK, Circuit Judges.
 Opinion PER CURIAM.
 
 
 1
 PER CURIAM.
 
 
 2
 This petition for review concerns the fifth and final year of the interim agreement governing rates charged to "other common carriers" (OCCs) for exchange network facilities for interstate access (ENFIA agreement). For background on ENFIA and prior proceedings in this court regarding the agreement, see MCI Telecommunications Corp. v. FCC, 712 F.2d 517 (D.C.Cir.1983).
 
 
 3
 The ENFIA agreement provided that American Telephone and Telegraph Company (AT & T), on behalf of the Bell System Operating Companies (BSOCs), would file annually with the Federal Communications Commission (Commission or FCC) a tariff containing the rates for the following billing year, subject to 15 days' advance notice before the tariff became effective. For the fourth year of the ENFIA agreement scheduled to begin on May 2, 1982, the FCC suspended the tariff filed by AT & T, imposed an interim billing and collection rate, and stated that the interim rate would be subject to adjustment in either direction after Commission determination of the rate properly set under the ENFIA contract.
 
 
 4
 On September 29, 1982, the Commission prescribed the methodology for calculating rates under ENFIA, and ordered the OCCs to remit to the BSOCs the difference between the lower interim rate and the prescribed rate. Exchange Network Facilities for Interstate Access (ENFIA), 91 F.C.C.2d 1079, 1093-94 (1982). Using the prescribed methodology AT & T filed a new tariff which was in effect for the balance of the fourth year. Several parties petitioned the Commission for reconsideration of the September 29 order; AT & T requested expedition of the Commission's reconsideration.
 
 
 5
 The fifth year ENFIA rates were scheduled to begin April 16, 1983. On March 28, 1983, while the petitions for reconsideration of the FCC's September 29, 1982, order remained pending, AT & T filed fifth year rates based on the methodology prescribed by the September 29, 1982, order. AT & T stated in the March 28 tariff filing that the submission was made subject to later recalculation based on the Commission's eventual--then still awaited--decision in the reconsideration proceeding. The Common Carrier Bureau permitted the fifth year rates to go into effect as scheduled. Exchange Network Facilities for Interstate Access (ENFIA), CC Docket No. 78-371 (Apr. 15, 1983).
 
 
 6
 On April 5, 1983, the Commission at last issued its Reconsideration Order, and in it altered the prescribed methodology for calculation of the ENFIA rates. The revised methodology increased the fourth year rates, and the Commission approved as lawful retroactive application of the readjusted fourth year charges. Exchange Network Facilities for Interstate Access, 93 F.C.C.2d 739, 763 (1983), aff'd mem. sub nom. GTE Sprint Communications Corp. v. FCC, 733 F.2d 966 (1984). AT & T filed tariff revisions to its fourth year rates, applicable retroactively to the beginning of the fourth year, and the tariff became effective the day after it was filed.
 
 
 7
 On April 28, 1983, AT & T filed amended fifth year rates based on the methodology the Commission established as correct on April 5 in the Reconsideration Order. The tariff provided that the charges would be retroactive to the beginning of the fifth year, April 16, 1983. The Common Carrier Bureau observed that the proposed rate increase appeared to conform to the ENFIA methodology approved in the Reconsideration Order. Nevertheless, the Bureau rejected the tariff as unlawful. According to the Bureau, the retroactive (then by less than one month) increase was prohibited by section 203(c) of the Communications Act, 47 U.S.C. Sec. 203(c) (1982) ("[N]o carrier shall ... charge ... different compensation ... than the charges specified in the schedule then in effect."). Exchange Network Facilities for Interstate Access (ENFIA), CC Docket No. 78-371 (May 16, 1983).[1] The Commission affirmed the Bureau's ruling. Exchange Network Facilities for Interstate Access (ENFIA), CC Docket No. 78-371 (Apr. 18, 1984).
 
 
 8
 The BSOCs petition this court to review the Commission's rejection of a retroactive increase in fifth year rates. We reverse.
 
 
 9
 It is not controverted that the calculations AT & T made following the April 5, 1983, Reconsideration Order are accurate and in full conformity with the methodology ultimately prescribed by the Commission. The Bureau's rejection of the April 28, 1983, AT & T tariff filing thus rested solely on the perception that the tariff's retroactive component (dating the increase back to April 16 rather than forward from May 13) would violate section 203(c). However, the Commission itself had explained crisply, in its April 5 Reconsideration Order discussion of retroactive adjustment of fourth year rates, why such an adjustment is compatible with section 203(c):
 
 
 10
 Because our investigation was aimed at finding the proper rate under the agreement, we see little difference between this case and City of Piqua v. FERC, 610 F.2d 950 (D.C.Cir.1979), where the enforcement of an agreed upon prior effective date for rate increases was not considered retroactive ratemaking. Furthermore, under circumstances where it is the terms of an agreement that are at issue and both sides have participated in the proceeding and have been given notice as to the actual effective date of the rate, and where any of the parties may be responsible for error, fairness dictates that a retroactive adjustment be applicable to either side.
 
 
 11
 Exchange Network Facilities for Interstate Access, 93 F.C.C.2d at 763 (1983); see also Hall v. FERC, 691 F.2d 1184, 1191-92 (5th Cir.1982), cert. denied, --- U.S. ----, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983).
 
 
 12
 We find this reasoning correct and fully applicable to the fifth year retroactive rate adjustment at issue here. The Commission attempts to distinguish the fourth year retroactive rate change from the fifth year tariff by noting that the fourth year adjustment was made initially to a Commissionimposed interim rate while the April 28, 1983, filing proposed a retroactive alteration in a previously filed tariff. This distinction is not altogether accurate[2] and, in any event, has scant relevance to the policy or purposes of section 203(c) or the ENFIA agreement. Indeed, as petitioners point out, the FCC's distinction would operate in a senseless manner. It would allow retroactivity only to those who file conspicuously inappropriate rates: if the filed rates are sufficiently questionable to warrant suspension, the carrier can eventually obtain the full, fair rate retroactively; if the filing is sufficiently close to stand pending investigation, no retroactive adjustments will be made in the carrier's favor.
 
 
 13
 In sum, had the Commission corrected its September 29, 1982, order in February 1983 rather than in April, AT & T would have been positioned to file a conforming tariff on March 28, 1983, the fifth year ENFIA rates would have fallen smoothly into place on April 16, and the interim agreement would have run its course without generating this parting federal court case. The Commission appropriately adjusted for the flaws in its September 29, 1982, order when it ruled on retroactively effective fourth year rates. It should have followed suit in ruling on fifth year rates. Its failure to do so was capricious.
 
 
 14
 Because (1) the tariff filed by AT & T on April 28, 1983, does not violate section 203(c), sensibly read; and (2) the Commission does not question the filing in any other respect, we discern no nonarbitrary reason to reject the tariff.
 
 
 
 For the reasons stated, we set aside as unlawful the order to which the petition is addressed and remand this matter to the Commission with directions to accord full retroactivity to the fifth year tariff revisions as presented in AT & T's April 28, 1983, tariff filing.
 It is so ordered.
 
 
 [1]
 AT & T subsequently filed the same rates under protest with a prospective effective date. Those rates became effective on June 10, 1983. Thus, the sole matter at issue is whether the higher fifth year rates should have been applicable between April 16 and June 10, 1983
 
 
 [2]
 We note, particularly, that the April 5, 1983, Reconsideration Order's fourth year retroactive increase did in fact alter a tariff--the tariff that was prescribed by the September 29, 1982, order and applied to the balance of the fourth year